# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| ABDUL AL-MUMIT ASAD SHARIFF | PLAINTIFF |
| v. | Civil No. 1:16-cv-131-HSO-JCG |
| RODERICK EVANS et al. | DEFENDANTS |

## REPORT AND RECOMMENDATION THAT PLAINTIFF'S SUIT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

BEFORE THE COURT are the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 45), filed by Defendants Roderick Evans, Latrina Gamble, and Jaclynn Johnson (collectively, the Mississippi Department of Corrections (MDOC) Defendants); and the Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies (ECF No. 51), filed by Defendant Nurse Dawn M. Brown.

Plaintiff Abdul Al-Mumit Asad Shariff was ordered to respond to Defendants' Motions but has not. Since January 5, 2017, the first time that Shariff was ordered to show cause why this case should not be dismissed for failure to exhaust administrative remedies, Shariff has filed nine motions, none of them addressing exhaustion. It is clear from the face of Shariff's Complaint and confirmed by the evidence submitted by Defendants that Shariff did not exhaust MDOC's two-step administrative remedy program (ARP) before filing this suit. Shariff has refused to address the issue of exhaustion, despite having over seven months to do so. It is recommended that Defendants' Motions for Summary Judgment for Failure to

Exhaust Administrative Remedies be GRANTED and this suit dismissed without prejudice because Shariff's claims are barred by 42 U.S.C. § 1997e(a).

I. BACKGROUND

Plaintiff Shariff filed his Complaint on April 20, 2016, while a postconviction MDOC inmate housed at the South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi. (ECF No. 1). Plaintiff filed suit using the name Christopher Lewis. Because his name was legally changed to Abdul Al-Mumit Asad Shariff, the Court granted Shariff's Motion to change the style of this action to reflect the name change. (ECF No. 43).

According to his Complaint, Shariff fell off of his top bunk on April 10, 2016, at 8:00 a.m., hitting his head, arm, and bottom on the concrete floor and "floor jack." (ECF No. 1, at 4; ECF No. 11, at 2). He was told that a nurse was not immediately available. Plaintiff was not treated until 12:30 p.m., when he was taken to the infirmary. There, his temperature, blood pressure, and pulse were checked. (ECF No. 1, at 4; ECF No. 45-1, at 3). He was given a shot and sent back to his housing unit. (ECF No. 1, at 4). Shariff was seen in the infirmary again the following day where his vitals were again checked, and he was given a shot. *Id.* at 5.

Shariff maintains that the medical care he received after his fall was so deficient that it violated the Eighth Amendment of the United States Constitution.[1]

---

[1] Shariff originally advanced a claim for medical malpractice but amended his Complaint to clarify that he is pursuing a constitutional claim only and does not desire to pursue a medical malpractice claim. (ECF No. 19).

According to Shariff, he should have been taken to the hospital after his fall because "a fall like that requires x-rays and a CAT scan since I hit my head on the floor." (ECF No. 1, at 5). Shariff signed his Complaint on the same date that he fell off of his bunk. (ECF No. 1, at 4). He also submitted a "sensitive issue" ARP to Commissioner Marshall Fisher on the same date that he fell off of his bunk. (ECF No. 45-1, at 1).

When Shariff filed his Complaint, he utilized the form to be used by prisoners in filing a complaint under the Civil Rights Act, 42 U.S.C. § 1983. The form Complaint asks the prisoner:

> Have you completed the Administrative Remedy Program regarding the claims presented in this complaint?

(ECF No. 1, at 3). In response to this question, Shariff wrote:

> (Sensitive Issue) it is an alternative to the ARP Process when dealing with matters of this nature, where the complainant could get hurt.

*Id.*

Because Shariff's failure to exhaust was clear from the face of the Complaint, the Court issued an Order to Show Cause on January 5, 2017, requiring Shariff to show cause why this case should not be dismissed pursuant to 42 U.S.C. § 1997e(a) because he failed to exhaust available administrative remedies before filing suit. (ECF No. 31). The Court advised Shariff that if he "filed a 'sensitive issue' grievance that was rejected, then this suit is barred unless Plaintiff thereafter properly

exhausted the two-step ARP." *Id.* at 3. Plaintiff's show-cause response was due January 25, 2017.

Instead of filing a response, Shariff filed numerous Motions, none addressing the issue of whether he exhausted MDOC's two-step ARP process before filing this suit. (ECF Nos. 32, 33, 35, 36, 37, 38, 47, 48). In lieu of dismissing the case *sua sponte*, the Court set a deadline of June 2, 2017, for Defendants to file dispositive motions regarding whether Shariff exhausted administrative remedies before filing suit. (ECF No. 42).

The MDOC Defendants filed their Motion for Summary Judgment on May 8, 2017. The Court ordered Shariff to respond to the Motion, but he did not. (ECF No. 50, at 2). Nurse Brown filed her Motion for Summary Judgment on June 2, 2017. (ECF Nos. 45, 51). Shariff did not respond. On June 22, 2017, the Court issued an Order to Show Cause, setting a deadline of July 13, 2017, for Shariff to respond to both Motions for Summary Judgment. (ECF No. 53). Instead of responding, Plaintiff filed a [55] Motion to stay the proceedings on the basis that he was in segregation and did not have "his property to correspond with this Court or anyone else." (ECF No. 55). The Motion to stay proceedings was denied.

## II. DISCUSSION

A. Summary Judgment Standard

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e);

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which they believe demonstrate the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323-325. If the movant carries this burden, the burden shifts to the non-moving party to show that summary judgment should not be granted. *Id.* at 324-25.

The plaintiff may not rest upon mere allegations but must set forth specific facts showing the existence of a genuine issue for trial. *Abarca v. Metro Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). The non-moving party cannot satisfy his summary judgment burden with conclusory statements, speculation, and unsubstantiated assertions. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). In evaluating a motion for summary judgment, the Court must construe "all facts and inferences in the light most favorable to the non-moving party." *McFaul v. Valenzuela,* 684 F.3d 564, 571 (5th Cir. 2012).

B.  Exhaustion of available administrative remedies

    1.  PLRA's exhaustion requirement

Under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the U.S.C.), prisoners are required to exhaust available administrative remedies prior to filing an action with respect to prison conditions:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

> facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The United States Supreme Court has held that § 1997e's exhaustion "language is 'mandatory.'" *Ross v. Blake,* 136 S. Ct. 1850, 1856 (2016). "And that mandatory language means a court may not excuse a failure to exhaust, even to take [any special] circumstances into account." *Id.* "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id.*

"The prison's grievance procedures, and not the PLRA, define the remedies that are available and must thus be exhausted." *Cowart v. Erwin,* 837 F.3d 444, 451 (5th Cir. 2016). The United States Court of Appeals for the Fifth Circuit takes a "'strict' approach to § 1997e's exhaustion requirement, under which prisoners must not just substantially comply with the prison's grievance procedures, but instead must exhaust available administrative remedies *properly*." *Id.* (emphasis in original) (quotation omitted). Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.*

MDOC utilizes a "formal two-step process for handling inmate grievances." *Yankton v. Epps,* 652 F. App'x 242, 245 (5th Cir. 2016) (citing Miss. Code § 47-5-801, *et seq.*; *Wilson v. Epps,* 776 F.3d 296, 300 n.2 (5th Cir. 2015)).

> "[T]o ensure their right to use the formal [ARP]," inmates "must make their request to the Adjudicator in writing within a 30 day period after an incident has occurred." [Inmate Handbook, MDOC, ch. VIII, sec. IV.] They are, however, discouraged from making repetitive requests and "are encouraged to continue to seek solutions to their concerns through informal means." [*See id.*]
>
> Prior to the "first step" of this procedure, the Adjudicator screens the request to determine whether it meets specified criteria. [*See id.* at ch. VIII, sec. V.] If a request fails to meet that criteria, the Adjudicator will reject it and notify the inmate via Form ARP-1. [*See id.* at ch. VIII, sec. VI.] If the request meets the criteria, however, the Adjudicator will accept it into the ARP, and the request will then proceed to the first step. At the first step, the appropriate MDOC official receives the request via Form ARP-1 and provides a "first-step response" to the request via Form ARP-2. If the inmate is satisfied with this first-step response, he does not need to do anything further. If unsatisfied, however, the inmate may then proceed to the "second step" by indicating as much on the same Form ARP-2. At the second step, another appropriate MDOC official, such as a warden, provides the "second-step response" via Form ARP-3. If unsatisfied with the second-step response, the inmate may then bring a claim in court. [*See id.* at ch. VIII, sec. IV.]

*Id*; *see* MDOC Inmate Handbook, Ch. VIII, Administrative Remedy Program, http://www.mdoc.ms.gov/Inmate-Info/Documents/Chapter_VIII.pdf.

If an MDOC inmate believes that his grievance is too sensitive to be filed at the institution or facility where he is housed, he may file a "sensitive issue" ARP. MDOC's inmate handbook contains the following procedure regarding "sensitive issue" grievances:

> If the inmate believes that the complaint is sensitive and that [he] would be adversely affected if the complaint became known at the institution or facility, [he] may file the complaint directly to the ARP Director, and the inmate

> must explain, in writing, the reason for not filing the complaint at the institution/facility.
>
> If the ARP Director believes that the complaint is sensitive, he shall accept and respond to the complaint. If the ARP Director does not agree that the complaint is sensitive, he shall advise the inmate in writing and return the complaint. The inmate shall then have five days from the date the rejection memo is received to submit [his] request through regular channels, beginning with the first step.

*Id.* at 17.

    2.    <u>Shariff's claims are barred because he did not complete the two-step ARP</u>

The evidence submitted by Defendants establishes that Shariff filed a sensitive-issue grievance on April 10, 2016, the same date that he fell off of his top bunk. (ECF No. 45-1). Shariff also signed his Complaint on April 10, 2016, the same date that he fell off of his top bunk. (ECF No. 1). The Complaint was received and filed by the Clerk of Court on April 20, 2016. (ECF No. 1). Shariff's sensitive-issue grievance was rejected by ARP Director R. Pennington by letter dated April 21, 2016, which provided:

> I do not find that this matter meets the criteria for sensitive treatment; therefore, I am returning it to you for submission through the Administrative Remedy Program (ARP) as a non-sensitive ARP and is therefore denied as to sensitive issue.
>
> You will have five (5) days after receipt of this response to submit it as a regular grievance to the ILAP department at your housing facility.

(ECF No. 455-2).

According to the affidavit of Joseph Cooley, Investigator II for the ARP at SMCI, the ARP has no record of Shariff filing an ARP grievance on the issues set forth in his Complaint. (ECF No. 45-3).

Shariff has submitted nothing to rebut Defendants' summary judgment evidence. Furthermore, it is evident from the timing of Shariff's "sensitive issue" ARP and the filing of his Complaint that Shariff immediately filed suit instead of first exhausting administrative remedies. Shariff admits this in his "sensitive issue" ARP, which provides, "The above named offender has already initiated his 1983 lawsuit pursuant to 42 U.S.C." (ECF No. 45-1, at 2). Because Shariff filed this suit before exhausting MDOC's two-step ARP process, dismissal of Shariff's claims is mandatory. Defendants' Motions for Summary Judgment should be granted because Shariff's claims are unexhausted and therefore barred by 42 U.S.C. § 1997e(a).

### III. RECOMMENDATION

Because Plaintiff's claims are barred by 42 U.S.C. § 1997e(a), the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 45), filed by Defendants Roderick Evans, Latrina Gamble, and Jaclynn Johnson should be granted; and the Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies (ECF No. 51), filed by Defendant Nurse Dawn M. Brown should be granted.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve

and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 9th day of August, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE