IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ABDUL AL-MUMIT
ASAD SHARIFF**                                                                                    **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 1:16cv131-HSO-JCG**

**RODERICK EVANS,** *et al.*                                                              **DEFENDANTS**

### ORDER ADOPTING MAGISTRATE JUDGE'S [57] REPORT AND RECOMMENDATION; GRANTING DEFENDANTS' [45], [51] MOTIONS FOR SUMMARY JUDGMENT; AND DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

This matter comes before the Court on the Report and Recommendation [57] of United States Magistrate Judge John C. Gargiulo, entered in this case on August 9, 2017; the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies [45] filed by Defendants Roderick Evans, Latrina Gamble, and Jaclynn Johnson (the "MDOC Defendants") on May 8, 2017; and the Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies [51] filed by Defendant Nurse Dawn M. Brown ("Nurse Brown") on June 2, 2017. Based upon his review of the pleadings on file and relevant legal authority, the Magistrate Judge recommended that Defendants' Motions for Summary Judgment [45], [51] be granted and that this case be dismissed without prejudice for Plaintiff's failure to exhaust administrative remedies.

For the reasons that follow, the Court finds that the Report and Recommendation [57] should adopted in its entirety as the finding of this Court,

that Defendants' Motions for Summary Judgment [45], [51] should be granted, and that this case should be dismissed without prejudice.

I. BACKGROUND

Plaintiff Abdul Al-Mumit Asad Shariff ("Plaintiff")[1] filed a pro se Complaint [1] in this Court on April 20, 2016, asserting claims pursuant to 42 U.S.C. § 1983. Compl. [1] at 1, 4-6.[2] Plaintiff alleged that he sent the Commissioner of the Mississippi Department of Corrections a "sensitive issue" Administrative Remedy Program ("ARP") complaint regarding the claims presented in his Complaint, which he maintains "is an alternative to the ARP process when dealing with matters of this nature, where the complaintant [sic] could get hurt." *Id.* at 3.

On January 5, 2017, the Magistrate Judge entered an Order to Show Cause [31] why this case should not be dismissed for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). Order [31] at 3. Plaintiff has filed numerous pleadings since that time, but has not addressed the exhaustion issue. On May 4, 2017, the Court entered an Order [42] setting a deadline of June 2, 2017, for Defendants to file motions based upon failure to exhaust administrative remedies.

---

[1] At the time Plaintiff filed the Complaint [1], his name was Christopher Thomas Lewis. *See* Compl. [1] at 1. On May 5, 2017, the Court granted Plaintiff's Motion to Change Name [33], as Plaintiff's legal name had been changed by the Chancery Court of Harrison County, Mississippi, First Judicial District. Order [43] at 1.

[2] Plaintiff originally advanced a claim for medical malpractice, but amended his pleading to "delet[e] malpractice." Mot. for Leave to File an Am. Compl. [19] at 1; *see also* Order [56] at 1, 3.

On May 8, 2017, the MDOC Defendants filed their Motion for Summary Judgment for Failure to Exhaust Administrative Remedies [45]. On May 12, 2017, the Court entered an Order [50] requiring Plaintiff to respond to this Motion [45] by June 9, 2017. Order [50] at 2. On June 2, 2017, Nurse Brown filed her Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies [51]. Plaintiff did not respond to either Motion [45], [51]. On June 22, 2017, the Magistrate Judge entered an Order [53] requiring Plaintiff to file a response to the Motions [45], [51] by July 13, 2017. Order [53] at 2. Plaintiff did not do so.

On August 9, 2017, the Magistrate Judge entered his Report and Recommendation [57], that Defendants' Motions for Summary Judgment [45], [51] be granted and that this case be dismissed without prejudice for Plaintiff's failure to exhaust his available administrative remedies. R. & R. [57] at 2, 9. The Report and Recommendation [57] was mailed to Plaintiff's address of record via certified mail, return receipt requested, on August 9, 2017, and the Acknowledgment of Receipt [58] indicates that Plaintiff signed for the envelope containing the Report and Recommendation [57] on August 14, 2017. Any objection to the Magistrate Judge's Report and Recommendation [57] was due within fourteen (14) days of service. *See* L.U. Civ. R. 72(a)(3). To date, Plaintiff has not filed any objection to the Magistrate Judge's Report and Recommendation [57], and the time for doing so has passed.

II. DISCUSSION

Where no party has objected to a magistrate judge's report and

recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [57] as the opinion of this Court and will grant Defendants' Motions for Summary Judgment [45], [51]. Plaintiff's claims against all Defendants will be dismissed without prejudice for Plaintiff's failure to exhaust available administrative remedies.[3]

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [57] of United States Magistrate Judge John C. Gargiulo, entered

---

[3] The Magistrate Judge did not specifically address Plaintiff's claims against Defendants who did not file a Motion for Summary Judgment, such as Unknown Nurse Erickson, John Doe Medical Staff, and John Doe Officers at MDOC/SMCI, none of whom have appeared in this action. To the extent that any remaining Defendant is not considered a fictitious party, and to the extent the Court cannot sua sponte dismiss claims against a remaining Defendant for failure to exhaust, the Court finds that the Magistrate Judge's Report and Recommendation gave sufficient notice to Plaintiff and sufficient time for Plaintiff to respond under Federal Rule of Civil Procedure 56(f)(1) of the Court's intention to grant summary judgment and dismiss all claims in this case for failure to exhaust. The Court would therefore grant summary judgment in favor of any nonmovants pursuant to Rule 56(f)(1).

on August 9, 2017, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies [45] filed by Defendants Roderick Evans, Latrina Gamble, and Jaclynn Johnson on May 8, 2017, and the Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies [51] filed by Defendant Nurse Dawn M. Brown on June 2, 2017, are **GRANTED**, and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for his failure to exhaust available administrative remedies. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 12th day of September, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE